MEMORANDUM DECISION
Andrew G. Zukowski, appellant, appeals a February 11, 1999 judgment of the Franklin County Court of Common Pleas dismissing his appeal because there had not been a final appealable order determining whether appellant may receive Medicaid or food stamps.
On May 23, 1997, appellant applied for food stamps and Medicaid through the Franklin County Department of Human Services ("the Agency"). The Agency denied the application for failure to cooperate, and appellant appealed this denial and requested a state hearing. On July 14, 1997, a state hearing officer recommended that all appeals be sustained and that the Agency reopen the May 23, 1997 application. Appellant's application was denied again by the Agency because the motor vehicles owned by appellant exceeded the resource limit for food stamps and Medicaid benefits. Appellant appealed the denial and requested a state hearing. On July 31, 1997, a state hearing officer affirmed the Agency's determination, finding that appellant's total resources from one vehicle alone exceeded the resource requirements for any public assistance for food stamps or Medicaid. Appellant then filed an administrative appeal with the Ohio Department of Human Services ("ODHS"), appellee.
On August 21, 1997, ODHS vacated and remanded the state hearing officer's decision to provide a supplemental hearing on the food stamp and Medicaid eligibility issues, finding that Ohio Adm. Code 5101:4-4-07 exempts certain vehicles from consideration as resources, but the state hearing officer failed to address whether appellant's vehicles were within any of these exemptions.
On September 22, 1997, appellant appealed ODHS's decision to the Franklin County Court of Common Pleas. On April 29, 1998, the trial court affirmed the decision of ODHS and dismissed appellant's appeal because there had not been a final appealable order or decision as to whether he was entitled to food stamps or Medicaid. The court noted that the order appealed from had remanded the matter back for further testimony and findings so that an administrative decision could be made. On February 11, 1999, a judgment was filed journalizing the April 29, 1998 trial court decision. Appellant appeals the trial court court's judgment.
For the purposes of his appeal before this court, appellant is proceeding pro se. Appellant presents no assignments of error. Appellant has clearly failed to comply with App.R. 12(A)(2) and 16(A)(2), (3), (4) and (6). However, in the interest of justice, we shall review the trial court's decision.
In an appeal from an administrative order, a reviewing trial court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621; R.C. 119.12. Reliable, probative and substantial evidence has been defined as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571, fns. omitted.
However, an appellate court's review is even more limited than that of the trial court. Pons, at 621. While it is incumbent on the trial court to examine the evidence, the appellate court is to determine only if the trial court abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the administrative agency or a trial court.Id. Instead, the appellate court must affirm the trial court's judgment. Id.
After reviewing the record and the decision of the trial court to dismiss appellant's appeal, we find that the trial court did not err in finding that ODHS's decision was not a final appealable order. The order in question did not prevent a judgment or determine the action and did not affect the right of appellant to receive Medicaid or food stamps. See R.C. 2505.02. ODHS's order remanded the matter back to the state hearing officer for a supplemental hearing on whether appellant is entitled to Medicaid or food stamps. Once the state hearing examiner files a decision upon remand, if appellant is not satisfied with such decision, he may continue the proper appellate process at the time.
Accordingly, we find that the court did not err in concluding that it was without jurisdiction because the order appealed from was not a final appealable order. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.